**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**DOCKET NO. 1:10-cv-12198JT**

_____
                                                )
**KRISTEN TILL**                           )
                                                )
**v.**                                          )
                                                )     **ANSWER, COUNTERCLAIMS AND**
                                                )   **CROSS - CLAIMS OF LEONARD LEONE**
                                                )    **BY DEFENDANTS, LEONARD LEONE**
**DANIEL P SCALLEY**                  )                **AND LLFC INC.**
**LLFC INC**                                )        **(AND REQUEST FOR JURY TRIAL)**
**SCALLEY REAL ESTATE INC.**  )
**BOSTON FACTORS INC.**           )
_____)


        In response to the Plaintiff's complaint, the Defendants, Leonard Leone and LLFC Inc.

say:


1-6. Admitted.


7. Denied.


COUNT I


8.No response required.


9.Denied that Leone solicited the Plaintiff; admitted that Leone loaned Plaintiff $450,000 which

1

has not been repaid.

10. Denied that Leone solicited the Plaintiff; admitted that the outstanding mortgages totalled about $225,000, which was paid off by Leone;

11. Leone has no knowledge of said allegations and therefore denies the same;

12. Denied that Leone had knowledge of representations by Scalley;

13. Denied that Leone made any representations to the Plaintiff that were false;

14. Denied that Leone received any of the loan proceeds;

15. Denied.

COUNT II

16. No response required.

17. Denied that Plaintiff entered into a loan transaction with Scalley; Plaintiff's loan was provided by Leone only.  Denied that Plaintiff had any prior knowledge as to the surplus proceeds arrangement between Scalley and Till.

18. Denied that mortgage payments were made to Scalley; payments were made to Leone and deposited to Leone's bank account.  Mortgage payments for a short period of time were mailed to Leone's bookkeeper, who at the time was Scalley.

19. Denied that Scalley ever held mortgage payments for Leone; Leone has no personal knowledge of what Plaintiff did with the loan proceeds paid to her at the closing.

20. Leone denies that Title 12, section 2601 applies to him.  Plaintiff has already deposed Leone and is well aware that Leone made only three mortgage loans in his lifetime and therefore Real Estate Settlement Procedures Act (hereafter "RESPA") does not apply to him.  See 209 Code Mass Regs. §32.02(17), n.3 (1986); Regulation Z, 12 C.F.R. §226.2 (17), n. 3 (1983); Levites v Chapman, 30 Mass App Ct 356, 360 (1991) (these statutes apply only to one "who extended credit more than 25 times (or more than 5 times for transactions secured by a dwelling) in the preceding calendar year").

21. Denied.   No requests or demands were ever made upon Leone relating to the $211,000 loan proceeds that Till received for whatever purposes she chose to spend them on.

22. Leone can neither admit nor deny said allegations, because it is unclear as to what Plaintiff claims in this paragraph.  Till received $211,000 by check from Leone at the closing and there was no written agreement relating to how Till chose to expend the same; she promised verbally to spend the funds on construction and improvements to her house.  Leone has no personal

knowledge of what she did with the funds.

24. Denied that Leone has any liability under RESPA, as the Plaintiff knows or should know.

COUNT III

25. No response required.

26. The allegations in this paragraph do not apply to Leone.  Denied that Scalley did anything for Leone other than act as bookkeeper for Leone to receive a few of Till's mortgage payments and deposit the same into Leone's bank account.

27. Denied that any requests were made to Leone regarding the $211,000.00 in proceeds paid to Till by Leone's check.

28. Denied.

29. Denied.

30. Denied that Leone is obligated by law to provide the same.  However, a statement of interest was provided to counsel for Till, as she knows.

31. Denied.

32.Denied.

COUNT IV

33. No response required.

34. Admitted that Leone is not a licensed mortgage broker.

35. Leone neither admits nor denies said allegations as he has no knowledge of the same.  The allegations do not appear to refer to Leone.

36. Leone neither admits nor denies said allegations as he has no knowledge of the same.  The allegations do not appear to refer to Leone.

37. Denied that Leone had any knowledge as to whether Scalley acted "as mortgage broker."

38.Denied.

COUNT V

39. No response required.

40. Denied.

41. Admitted that Scalley prepared tax returns for Leone on occasion.

42. Denied.

43. Denied.

44. Leone neither admits nor denies said allegations as he has no knowledge of the same.  The allegations do not appear to refer to Leone.

45. Denied.

46. Denied.

47. Denied.

COUNT VI

48.No response required.

49. Denied.

50. Denied.

51. Denied.

COUNT VII

52. No response required.

53. Leone denies that Title 12, section 2601 applies to him.  Plaintiff has already deposed Leone

and is well aware that Leone made only three mortgage loans in his lifetime and therefore Real

Estate Settlement Procedures Act (hereafter "RESPA") does not apply to him.  See 209 Code

Mass Regs. §32.02(17), n.3 (1986); Regulation Z, 12 C.F.R. §226.2 (17)n. 3 (1983); Levites v

Chapman, 30 Mass App Ct 356, 360 (1991) (these statutes apply only to one "who extended

credit more than 25 times (or more than 5 times for transactions secured by a dwelling) in the

preceding calendar year").

54. Denied.

COUNT VIII

55.No response required.

56. Admitted.

57. Denied that said notice was defective;

58. Denied that the foreclosure is a nullity.

59. Admitted that Leone foreclosed, bid in his own name and later assigned the bid to LLFC for

no consideration.  Denied as to remaining allegations.

60.Denied.  Notice has been forwarded to the Banking Commissioner.

COUNT IX

61. No response required.

62. Denied that notice has not been provided to the Commissioner of Banks.  Denied that notice

to the mortgagor is now due, because the statute, G.L. c. 183 §27,  specifically states that, "if

such sale is subject to further legal proceedings, such accounting shall be stayed until the

conclusion of such proceedings." The pending eviction matter, for which Leone is entitled to legal fees, and this matter requires that any accounting be stayed.

63. Denied.

COUNT X

64. No response required.

65. Admitted that Leone accelerated the promissory note owed by Till for nonpayment.

66. Denied. Leone has no knowledge as to what documents Scalley provided to Till.

67. Denied as to Leone.

68. Admitted as to one of the claims in the 2006 Superior Court lawsuit, for which Leone was released of any and all claims in 2008.

69. Denied that said allegations are relevant or material to the within matter. Further, said allegations appear to be wrongful disclosure of attorney-client privileged communications.

70. Denied that said allegations are relevant or material to the within matter.  Further, said allegations appear to be wrongful disclosure of attorney-client privileged communications. The release at Exhibit B was signed freely, willingly and without duress, according to its own terms and in fact, provided her with at least an immediate $60,000 discount on her loan balance.

71. Denied that said allegations are relevant or material to the within matter.  Further, said allegations appear to be wrongful disclosure of attorney-client privileged communications.

72. Denied as figments of the Plaintiff's imagination.

73. Admitted.

74.Denied.

75. Denied. Plaintiff filed bankruptcy after making one payment.

76. Denied.

77. Denied.

78. Denied that payments were refused.  This is a knowingly false allegation by Plaintiff.

79. Denied.  Because of her poor credit score, failure to make timely payments to Leone, Till's own neglect to follow through, and various other reasons unrelated to these Defendants, she was refused loans.

80. Denied.

81. Denied.  Said bid was assigned to limit Leone's personal liability in the likely event that hazardous waste is on the premises.

COUNT VI

82. No response required.

83.Denied.

84. Denied.  Plaintiff represented on several occasions that she had the ability to repay the loan.

85. Denied that Leone had any knowledge as to what Till would do with her own money.

86. Denied.  Plaintiff has always represented that the property had a high value, even without the construction.

87. Leone had no knowledge as to the knowledge of Scalley.

88. Denied that Leone had any knowledge as to the actions of Scalley prior to the consummation of the loan.

89. Leone has no knowledge of records created by Scalley.  Therefore, denied.

90. Leone has no knowledge as to what Scalley sent to Till.  Therefore, denied.

91. Leone has no knowledge as to communications between Scalley and Till. Therefore, denied.

92. Leone has no knowledge as to communications beween Scalley and Till. Therefore, denied.

93. Leone has no knowledge as to communications between Scalley and Till. Therefore, denied.

94. These allegations do not appear to apply to Leone.   Therefore, denied.

95. These allegations do not appear to apply to Leone.   Therefore, denied.

96. Denied.

97. Denied.  The sale has heavily advertised, no one bid other than Leone, which bid was the appraised fair value of the premises by a licensed broker.

98. Admitted that Leone was the sole bidder.

COUNT XII

99. No response required.

100.  These allegations do not appear to apply to Leone.   Therefore, denied.

101.  These allegations do not appear to apply to Leone.   Therefore, denied.

COUNT XIII

102. No response required.

103.  These allegations do not appear to apply to Leone.   Therefore, denied.

104.  These allegations do not appear to apply to Leone.   Therefore, denied.


105.  These allegations do not appear to apply to Leone.   Therefore, denied.


106.  These allegations do not appear to apply to Leone.   Therefore, denied.


**AFFIRMATIVE DEFENSES**


1.The statute of limitations has expired and is a good defense to the within action.


2. The Plaintiff has already released the Defendants of her claims and settled all of her claims in writing with the Defendants.


3. The Plaintiff has no legal right or authority to file claims for which the statute provides no rights of a consumer to sue.


4. The within matter was the subject of prior litigation, which was dismissed with prejudice.


5. There has been laches by the Plaintiff in suing for damages long after a foreclosure judgment entered in Land Court and after a summary process judgment and execution have issued from the Haverhill District Court.

14

6. The Defendants have paid any monies owed to the Plaintiff.

7. The Defendants have complied with all laws, rules and regulations.

8. Res judicata is a good defense to the within complaint.

9. The Complaint fails to state a claim upon which relief can be granted.

10. The Statute of Frauds is a bar to the maintenance of this action.

11. The Plaintiff has waived the within claim.

12. The Plaintiff is estopped from asserting the claims contained in its complaint.

13. The Plaintiff has failed to act in good faith.

14.The Plaintiff has unclean hands and therefore should be denied the relief requested herein.

15. Any payments sent or mailed to Scalley were sent prior to the execution of the Mach, 2008

Release and Settlement Agreement, which required payments to be sent directly to Leone's home

address.

15

16.  In the unlikely event that Defendant's  notice to the Banking Commissioner is improper or

incorrect or deficient in some way, the Plaintiff has failed to state a claim or allege negligence  as

a result of the alleged failure to file the same by the Defendants; not has the Plaintiff alleged that

there has been some loss, harm or damage caused to her by said alleged failure.  And further, the

Defendants say that failure to file any notice with the Banking Commissioner (which now the

Plaintiff admits Defendant has filed the same and Plaintiff acknowledges receipt of proof of the

filing of the same) creates no private rights in Plaintiff and does not affect the validity of the

foreclosure sale, in any event.  Nor can the Plaintiff suffer any loss other than economic loss, for

which there is no recovery permitted.

17. Plaintiff has failed to move to pursue or appeal the following dismissed or closed matters

involving the same or similar claims raised hereunder  or to vacate  the judgments in the

following matters: Essex Superior Court docket no. 06- 01632; Essex Superior Court docket no.

10- 01468 (an pro se complaint attempting to obtain an injunction to prevent hearings on

Summary Process case in Haverhill District Court; Haverhill District Court summary process

judgment docket 1038 SU 0058 (in which the Defendant and Attorney Melican agreed to

judgment for possession to the Defendants); or United States District Court docket number 10-

10939 PBS (an pro se Removal of the District Court Summary Process case pending in Haverhill

District Court, remanded sua sponte by Saris, J.); two Chapter 13 bankruptcy petitions, being

docket numbers 09-13665 (with counsel) or 10-12373 (pro se).   Wherefore, the Plaintiff is

collaterally estopped from pursuing the within matter, and issue preclusion, res judicata, and final

judgment are all good defenses.

**COUNTERCLAIM AGAINST PLAINTIFF, KRISTEN TILL**

Now come the Defendants, Leonard Leone and LLFC, Inc. and say:

1. The Plaintiffs in counterclaims are Leonard Leone and LLFC, Inc. (Hereafter collectively "Leone");

2. The Defendant in counterclaim is Kristen Till (hereafter "Till"), her agents, servants, employees and attorneys.

**COUNT I (ABUSE OF PROCESS)**

3. The within complaint is covered by a release signed by Till willingly, voluntarily, and with the assistance of counsel in March, 2008.  A copy of said release is annexed hereto as Exhibit 1.

4. The within complaint is replete with knowingly false and fraudulent allegations by Till and supported by an affidavit by Till that is knowingly false and fraudulent, and which allegations have already been released and settled by the parties.

5. Till, along with the assistance of the her attorney Margaret Melican,  have sought an ex-parte

attachment through the use of a knowingly false and fraudulent complaint and affidavit submitted to the Court, knowing that the within complaint's allegations have already been settled.

6. The within complaint and affidavit are filed with improper and illegal motives by Till, her agents, servants, employees and attorneys, and was designed to cause Leone expense, aggravation and attorney's fees.

7. The within complaint is multiplicitous, vexacious, harassing and annoying, in that the Plaintiff has failed to move to pursue or appeal the following dismissed or closed matters involving the same or similar claims raised hereunder  or to vacate  the judgments in the following matters: Essex Superior Court docket no. 06- 01632; Essex Superior Court docketno. 10- 01468; Haverhill District Court summary process judgment docket 1038 SU 0058; or United States District Court docket number 10-10939 PBS (an attempted pro se Removal of the District Court Summary Process case pending in Haverhill District Court, remanded sua sponte); two Chapter 13 bankruptcy petitions, being docket numbers 09-13665 or 10-12373.

8. In addition, the Plaintiff has initiated complaints with the Federal Bureau of Investigation (FBI), the Attorney General's office, the Boxford police, the Secretary of State and the Board of Bar Overseers, none of which have initiated any action against these Defendants (or their counsel).

9. The complaint and affidavit with the assistance of her agents, servants, employees or attorneys, are knowingly unreasonable, and filed with reckless disregard of the need for an orderly judicial process, without merit or basis, all of which Till and her attorney know or should have known to be frivolous and with an improper motive to harass and annoy the Defendants.

WHEREFORE, Leone seeks judgment for damages as awarded by the jury, together with interest, costs and attorneys fees.

**COUNT II (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**)

10. Plaintiff incorporates by reference the allegations of the Counterclaim at paragraphs 1-8 above as if set forth herein.

11.  Leone says that he has a variety of sicknesses, disabilities and ailments, all known to Till.

12. Till has filed the within frivolous complaint with supporting false affidavit, after she reported Leone  to the FBI, the Attorney General, the Secretary of State, the Boxford police, the Board of Bar Overseers and perhaps others, together with Till's two bankruptcy petitions.

13. The within complaint and the complaints referred to at paragraphs 7 and 8 above were  all done after Till and her attorneys agreed not to notify any third party about her false allegations of complaints about Leone in her release, after she released Leone for the very same allegations in

the complaint, and all long after Leone has completed a foreclosure and a summary process matter (in which Till and her attorney agreed to judgment).

14. As a result of the above actions by Till, Leone has been cause great expense and great delay by Till, solely for the purpose of causing Leone emotional distress, expense and aggravation, as a last ditch effort to try to save her home.

15. Till further intends to cause Leone further hardship and financial harm or loss after the house was sold for only $250,000.00 on a $450,000 loan consummated in 2004.

16. In fact, Leone has been caused severe emotional distress by the within complaint.

WHEREFORE, Leone seeks judgment for damages as awarded by the jury, together with interest, costs, and attorneys fees.

**COUNT III (TO ENFORCE SETTLEMENT AGREEMENT; BREACH OF CONTRACT)**

17. Till entered into a written contract with the Defendants, wherein she signed the March, 2008 Release and Settlement Agreement annexed to the Complaint at Exhibit B.

18. The Release releases Leone:

    "forever from any and all manners of action, causes of action, claims, suits, damages, costs, losses, interest or expenses of any kind or nature whatsoever, whether legal, equitable, or statutory, liquidated or unliquidated, fixed or contingent, known or unknown, suspected or unsuspected, which we ever had, now have, or which we hereafter can, shall or may have by reason of anything done, omitted or suffered to be done ro omitted by any person...from the beginning of the world to and including the time of execution of this Agreement, including but not limited to those arising from or related to the matters that are asserted or could have been asserted in the Essex Superior Court Civil Action No ESCV 2006-01632 or any other matter related or connected therewith."

19.There are no claims for which Till may recover in the within complaint that are not covered

 by the above release.

20. In the Settlement Agreement, Leone only agreed to provide "upon receipt of requests for the

same....payment history and information as to whether he is being paid satisfactory and... give her

a good credit reference.  Leone always complied with that obligation.

21. Paragraph 14 of the Settlement Agreement provides that:

    "the undersigned agree that they have had an opportunity to discuss the execution of this Settlement Agreement with counsel of their choice prior to doing so, that they did not execute this Settlement and Release Agreement in reliance upon any representations other than their own counsel; that the undersigned execute this Settlement Agreement knowingly and willingly; that the undersigned was not and is not under any duress, infirmities, or disabilities at the time of execution of this Settlement Agreement..."

22. Paragraph 16 of the Settlement Agreement provides that:

    "the undersigned parties hereby declare that they fully understand the terms of this Settlement Agreement and voluntarily signed the documents for purposes of making full and final settlement of all claims, counterclaims, and causes of action between the parties."

23. Paragraph 17 of the Settlement Agreement provides that:

    "the parties to this agreement agree and covenant that, as a condition of the monetary

consideration herein, they will not at any time in the future, direclty or indirectly, take any action or make any statement to anyone about Leone, Scalley or their agents, servants, employees or attorneys, or any of them, that may be construed as being derogatory, defamatory, disparaging or harmful in any way, unless compelled to do so by law.

24. Paragraph 18 of the Settlement Agreement provides that:

"the parties will not voluntarily appear in any proceeding that is adverse to any of them, or their agents, servants, employees or attorneys except as required by law...or in connection with an authorized investigation of any state or federal agency or investigatory authority of any type or nature as to the activities, past or present, of Leone, Scalley... Further, if any party to this agreement breaches this provision, that party shall be liable to the other(s) or their agents, servants, employees or attorneys for the full amount of their attorney's fees and costs incurred in enforcing this Agreement or defending any adverse claims by a third party for any other actual damages sustained by the Releasees."

25. Paragraph 19 of the Settlement agreement provides that:

"the parties to this agreement further agree not to assist in any way, except as required by law, any other person or entity who institutes or seeks to institute any claim, charge, complaint or lawsuit against any other party to this agreement.... arising out of or in any way having to do with the past relationships of the parties or the pending litigation."

26. Paragraph 21 of the Settlement Agreement provides:

" The parties expressly agree that the release executed by Till waives any prior objections to interest charges, truth-in-lending violations, or violations of G.L. c. 150D."

27. Till has violated the terms and conditions of the Release and Settlement Agreement referred to hereinabove by filing the within complaint and false affidavit in support thereof.

28.  At the Summary Process hearing in Haverhill District Court, Attorney Melican stated to Attorney Shapiro that she was spending "a great deal" of time rushing around meeting with various state and federal agencies "to help Till file" complaints against Leone and Scalley.  Ms.

Melican had a copy of the release and settlement agreement and stated that "it wasn't enforceable."

29. The Massachusetts Attorney General's office contacted Leone and his attorney recently as a result of (more false and frivolous) complaints initiated by Till and Melican. The Board of Bar Overseers initiated a complaint against Attorney Shapiro, as a result of a complaint filed by Till, which was recently dismissed after Shapiro provided documentation of the false and deceptive nature of Till's complaints. Leone and Attorney Shapiro were also informed that Till had recently contacted the FBI again to initiate complaints against Leone.

WHEREFORE, Leone prays:

(A) That the Court specifically enforce the terms and conditions of the Release and Settlement Agreement, dismiss the within complaint, and award Leone his costs, expenses and attorney's fees;

(B) That the Court order Till and her attorney (Margaret Melican) to cease and desist from seeking out state and federal agencies in order to report these allegations about Leone to them and in order to encourage them to prosecute Leone, in violation of the within agreement;

(C) That the Court award judgment to Leone for his emotional distress, aggravation, costs , expenses and attorneys fees in responding to inquiries by the Attorney General's office, the Board

of Bar Overseers, and the FBI on the within matter, all as initiated by Till and her attorney,

Margaret Melican;

## COUNT IV (VIOLATION OF GL c. 93A)

30. Leone says he has been a victim of unfair and deceptive practices by Till, her agents, servants, employees, or attorneys; Till alleged that she was in a trade or business and had adequate business income to repay Leone for the $450,000 loan Leone gave her in 2004;

31. Till, her agents, servants or attorneys, in frivolously suing Leone hereunder, after giving him a full and complete Release and Settlement Agreement, after filing bankruptcy twice, filing of an appeal in the Summary Process case to the US District Court, after having made less than 15 monthly payments since 2004, is unfair and deceptive, in violation of G.L. c. 93A, section 2 and 11.

32. The unfair and deceptive actions of Till, her agents, servants or attorneys, by her filing multiplicitous proceedings which contained false allegations; said claims and the numerous lawsuits and agency reports all were unreasonable and vexatious, and were motivated and designed to cause the Plaintiff great damage, distress, humiliation, harassment, annoyance, embarrassment, and expenses, including substantial attorney's fees and costs; and in fact, these actions have caused the Plaintiff to be damaged as stated herein.

WHEREFORE Plaintiff seek judgment for treble damages under Mass. G. L. Chapter 93A for unfair and deceptive business practices, together with interest, costs, and attorney's fees, under Mass GL Chapter 93A.

## CROSS-CLAIM AGAINST DEFENDANTS SCALLEY AND BOSTON FACTORS, INC.

1. The Plaintiff in cross-claim is Leone (hereafter "Leone")

2. The Defendants in cross-claim are Daniel Scalley and Boston Factors, Inc., the fourth and fifth Defendants in Till's complaint.

## COUNT I (FOR CONTRIBUTION AND INDEMNIFICATION)

3. Leone says that , in the event judgment issues against him on the within matter, he is entitled to contribution and/or indemnification from Scalley;

4. The basis of this cross claim is that Till alleges that Scalley acted as agent for Leone in making false and fraudulent statements, which are attributed to Leone;

5. Leone says Scalley was never his "agent" (except to occasionally receive and keep records of payments) and Leone made no false or fraudulent statements to anyone throughout this transaction

but acted merely as lender, after being introduced by Scalley to Till;

WHEREFORE, Leone says that he is entitled to contribution and/or indemnification in the event he sustains any loss in the within matter, including but not limited to costs, expenses and/or attorney's fees;

## COUNT II (PROMISSORY NOTE AS TO BOSTON FACTORS INC. TO LEONE)

6.     On or about October 8, 2007, Boston Factors Inc. signed a Promissory Note with the Plaintiff.  In accordance with the terms of said promissory note, Boston Factors agreed to pay the Plaintiff the sum of $250,733.86, together with interest at eight (8%) per annum, due and payable on January 9, 2008.

7.     Boston Factors made no payments.

8.     Leone made demand upon said promissory note on November 14, 2008.

9.     Boston Factors failed to make payments as required according to the terms of said promissory note in full or in part and is in default.

10.     Boston Factors owes the Leone at least $ 281,590.00, together with interest at eight (8%) percent per annum  and  attorney's fees, as provided in said promissory note.

WHEREFORE, Leone prays for judgment in the amount of $281,590, with interest and reasonable attorneys fees, as allowed by law.

## <u>COUNT III  MONEY HAD AND RECEIVED ON ACCOUNT ANNEXED</u>

## <u>(AS TO BOSTON FACTORS INC.)</u>

11.      Leone incorporates by reference paragraphs 1 through 10 as if each were fully set forth

herein.

12.      Boston Factors owes the Plaintiff  $ 281,590.00  for money loaned or money had and

received in accordance with the account hereto annexed and marked "A", together with

interest thereon.

WHEREFORE, Leone demands judgment on Count III against Boston Factors Inc. for the sum of

$ 281,590.00 dollars, interest at 8%,  costs and attorney's fees.

## COUNT IV (GUARANTEE AS DANIEL SCALLEY)

13.      Leone incorporates paragraphs 1-12 as if each were fully set forth herein.

12.      Daniel Scalley agreed, within the promissory note referred to above,  to "personally and

unconditionally guarantee the repayment of this promissory note."

13.      Demand was made upon both Scalley and Boston Factors on November 14, 2008.

14.      Daniel Scalley  failed to make payment upon his guarantee.

27

15.   Scalley owes Leone $ 281,590.00, together with interest at eight (8%) percent per annum

and  attorney's fees, as provided in said promissory note and guarantee.


WHEREFORE, Leone prays for judgment on Count IV in the amount of $281,590.00,

with interest and reasonable attorneys fees, as allowed by law.


*Leone and LLFC Inc. Claim jury trial on all claims, counterclaims and cross-claims.*


THE DEFENDANTS,
LEONARD LEONE AND LLFC INC.
By their attorney,

/s/ Jordan L. Shapiro

JORDAN L. SHAPIRO
Shapiro & Hender
105 Salem Street
Malden, MA 02148
781 324 5200
BBO #454240
DATED: December 28, 2010      Email: Jslawma@aol.com

<u>CERTIFICATE OF SERVICE</u>

I, Jordan L. Shapiro, Esq., certify that a true copy of the Answer, Counterclaims and Cross-Claims of Leonard Leone by Defendants, Leonard Leone and LLFC, Inc., as well as the within Certificate of Service was served upon the Plaintiff and the other Defendants in this action by mailing a true copy of the same, first class mail, postage prepaid, on December 28, 2010, to:


Margaret M. Melican, Esq.  
390 Main Street  
Worcester, MA 01608

Daniel P. Scalley  
3 Oxford Court  
Woburn, MA 01801-5715


Boston Factors, Inc.  
c/o Daniel P. Scalley  
Resident Agent  
3 Oxford Court  
Woburn, MA 01801-5715

Scalley Real Estate, Inc.  
c/o Daniel P. Scalley  
President  
3 Oxford Court  
Woburn, MA 01801-5715


<u>/s/ Jordan L. Shapiro</u>  
Jordan L. Shapiro